35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael D. SIZEMORE, Petitioner/Appellant,
v.
C.A. TURNER, Warden Respondent/Appellee.
 No. 93-2173.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided Aug. 17, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied Sept 26, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 On January 31, 1992, Michael Sizemore, an inmate at the United States Penitentiary in Leavenworth, Kansas, was approached by a prisoner (West) who asked Sizemore if he would assist in freeing another prisoner (Rex Lutton) from a "hole" in which he was trapped. Although Sizemore had questions about Lutton's predicament, he agreed to assist, believing that Lutton might be in danger of injury. West took Sizemore immediately to the "hole," a storm drain located in an open and otherwise authorized area, and together Sizemore and West pulled Lutton from the drain. Once he had pulled Lutton back into institution confines, Sizemore returned to the clerk's office where he had been working. Sizemore did not attempt to hide what he had done; throughout the rescue he was in full view of prison officials.
 
 
 2
 On March 3, 1992, Sizemore was found guilty of "Escape (attempted)" by the Disciplinary Hearing Officer (DHO). This includes aiding another person to escape or attempt to escape. 28 C.F.R. Sec. 541.13(b). Sizemore appealed the decision, exhausting all administrative remedies, and filed a petition for relief pursuant to 28 U.S.C. Sec. 2241. Sizemore maintains that at no time was he personally attempting to escape, nor was he aiding anyone, who, at the time of his involvement, was attempting to escape. He argues that the DHO decision violated his due process rights due to the insufficient evidence.
 
 
 3
 A DHO decision need only be based on some facts. See 28 C.F.R. Sec. 541.17(f); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir.1992); Viens v. Daniels, 871 F.2d 1328, 1334 (7th Cir.1989). Under this standard, if "there is any evidence in the record that could support the conclusion reached by the disciplinary board" we will affirm. Hamilton, 976 F.2d at 346 ( citing Hill, 472 U.S. at 455-56). Here, we find a single piece of evidence revealed in an anonymous letter that ties Sizemore to the planning of the escape and thus supports the DHO's finding that Sizemore was attempting to escape.
 
 
 4
 The DHO based its decision on a prison officer's statement that he observed an inmate park an inmate-operated forklift next to a UNICOR vehicle, raise the lift portion up and lean down in the seat in an "attempt to obscure staff's view of the storm drain access." (R. 1, DHO Rep. at 2). Upon investigation, the officer observed Lutton being pulled out of the storm drain access by Sizemore and West. Escape paraphernalia--a ball peen hammer, an olive green military field jacket and a pair of canvas gloves--were discovered inside the storm drain. A second prison official reports having seen Sizemore "in the area prior to the incident standing with inmate West." Id. The DHO decision was also supported by confidential information, which this court has reviewed in camera. (SIS Report of February 18, 1992).
 
 
 5
 To find one guilty of escape, in a court of law, the factfinder must find that the escapee knew his actions would result in his leaving physical confinement without permission. United States v. Bailey, 444 U.S. 394, 408 (1980) ( 18 U.S.C. 751(a)). Because there is typically no direct evidence of intent, the DHO may infer intent where there is "some evidence" tying the petitioner to the prohibited act. For instance, in Hill, three fleeing inmates were found guilty of assault despite the victim's sworn statement vindicating two of the three. 472 U.S. at 447-48. Similarly, in Hamilton, we concluded that "some evidence" that the plaintiff possessed the contraband existed. The contraband was discovered in an air vent beneath his cell, which 32 other inmates had access to; the probability of the plaintiff's guilt was one in eight, or 12.5 percent. 976 F.2d at 345.
 
 
 6
 In the situation, as here, where evidence suggests that an escape was being attempted, we have upheld DHO findings of escape where a nexus existed between the petitioner and the fact of escape. For example, the petitioner exhibited injuries explainable only as having occurred during the attempted escape. Viens v. Daniels, 871 F.2d 1328, 1335-36 (7th Cir.1989) Or, the inmate is shown to have been in the area of the escape and to have been the only inmate with an opportunity to aid the escape. Lenea v. Lane, 882 F.2d 1171, 1175 and n. 7 (7th Cir.1989).
 
 
 7
 Here, the obstructive positioning of the forklift and the escape paraphernalia evidence an attempted escape. However, Sizemore's undisputed act of extending his hands into the storm drain, an act that placed a portion of his body outside custodial confines, does not link Sizemore to the attempted escape or its planning. Nor does Sizemore's presence at the scene confer any probability that Sizemore himself was escaping. Lutton was in the storm drain for approximately two hours. During most of this time, Sizemore was at his prison job; Sizemore was not seen in the proximity of the drain until eighteen minutes before Lutton was pulled out.
 
 
 8
 The aforementioned evidence establishes that Sizemore acted as an accessory after the fact, freeing Lutton from a culpable situation after it became clear that Lutton could not successfully escape. The charge of escape, which includes attempting to escape and making plans to escape, does not include covering up another's thwarted escape. See 28 C.F.R. Sec. 541.13(b) (1993). However, among the confidential materials reviewed by this court was an anonymous letter stating that "Mike Sizemore was the Jigger man." We interpret this to mean that Sizemore was the "doorkeeper." See Vosburg v. Solem, 845 F.2d 763, 768 n. 5 (8th Cir.1988). This statement satisfies the "some evidence" standard as set forth in Hill and supports the DHO's finding that Lutton aided another's attempt to escape.
 
 
 9
 Sizemore also alleges that the DHO was biased and predisposed to finding him guilty, evident from the fact that the paper work for his transfer to Marion was commenced prior to the disciplinary hearing. In accord with Wolff, 418 U.S. at 570-71, an inmate must have his hearing conducted by an impartial tribunal. However, due process requires only that the hearing officer have a "[l]ack of former personal involvement in any disciplinary or adjustment matter with the inmate." Redding v. Fairman, 717 F.2d 1105, 1113 (7th Cir.1983), cert. denied, 465 U.S. 1025 (1984); see also Ramirez v. Turner, 991 F.2d 351, 355 (7th Cir.1993). Accordingly, absent any indicia that the DHO was personally involved, the routine commencement of paperwork so as to facilitate a prompt transfer if necessary, does not per se defeat the impartiality of the DHO.
 
 
 10
 For the aforementioned reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record